# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### NORTHERN DIVISION

| | |
|---|---|
| BRIAN THOMAS HIGGENBOTHAM, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MONTGOMERY COUNTY JAIL LLC, ) <br> et al., ) <br> ) <br> Defendants. ) | No. 2:18-CV-68-NCC |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Brian Thomas Higgenbotham, an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $5.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order plaintiff to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $5.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983, naming as a defendant the Montgomery County Jail LLC and its employees Lisa Allison (nurse), Eric Foree (jail administrator), and Jerry Thorpe (deputy). He also names as a defendant Steven Brooks, who appears to be a fellow inmate. Plaintiff brings this action against defendants in their official capacities only.

Plaintiff claims that in October 2017 he slipped on the concrete floor of the Montgomery County Jail and fractured his skull. Since this time, he has suffered from seizures, dizziness, severe pressure in his head, an indentation in his forehead, and memory loss. Plaintiff states he went to the hospital eighteen times and was treated by Dr. Silverman, a neurologist from University Hospital in Columbia, Missouri. Dr. Silverman recommended that plaintiff follow up with neurology and an ear, nose, and throat doctor ("ENT"). Plaintiff states that defendants nurse Lisa Allison and jail administrator Eric Foree "interfered with" these referrals, and he has never followed up with neurology and an ENT.

At some point, plaintiff was attacked at the Montgomery County Jail by fellow inmate Ray Lee Stevens. Plaintiff alleges defendant Eric Foree "failed to train his officers resulting in further injuries to my head from being attacked by inmate Ray Lee Stevens." Similarly, plaintiff alleges Deputy Jerry Thorpe "failed to keep inmate Ray Lee Stevens secured in his cell" while plaintiff took a shower "resulting in further injuries to my brain and its coverings." Finally, plaintiff alleges defendant Steven Brooks sexually assaulted him while he was having a seizure.

## Discussion

As an initial matter, plaintiff has sued all defendants in their official capacities. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case Montgomery County, Missouri. *See Will v.*

*Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, plaintiff's official-capacity claims fail to state a claim upon which relief can be granted, and these claims will be dismissed.

Plaintiff's claim against the Montgomery County Jail will also be dismissed. Relevant precedent establishes that a department or subdivision of local government is not a "juridical," or suable, entity under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Plaintiff's claims against the Montgomery County Jail, therefore, are frivolous and will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint on a Court form. Plaintiff shall have twenty-one days from the date of this memorandum and order to file an amended complaint in accordance with the specific instructions set forth herein. The Court notes for plaintiff that the filing of an amended complaint replaces the original complaint, and so he must include each and every one of the claims he wishes to pursue in the amended complaint. *See, e.g., In re Wireless Tele. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

If plaintiff wishes to sue defendants in their individual capacities, plaintiff must specifically say so in the amended complaint. If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal. Additionally, plaintiff must state for each defendant exactly what each defendant did, or failed to do, that violated his rights. Conclusory statements like defendants "interfered with the recommendation to see the neurologist and the ENT doctor numerous times," risks dismissal of one or all of the defendants. Plaintiff must allege the underlying facts that show defendants interfered with his medical treatment. If plaintiff does not file an amended complaint within twenty-one days of the date of this memorandum and order, this action will be dismissed without prejudice.

Finally, plaintiff has filed a motion for appointment of counsel. There is no constitutional or statutory right to appointed counsel in civil cases. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

The Court will deny without prejudice plaintiff's motion for appointment of counsel at this time. The factual and legal issues in this case are not complex. Additionally, although plaintiff's complaint requires amendment, plaintiff has been able to adequately articulate his claims.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $5.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED without prejudice**. [ECF No. 3]

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant Montgomery County Jail LLC and plaintiff's claims against defendants Lisa Allison, Steven Brooks, Eric Foree, and Jerry Thorpe brought in their official capacities are **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint that complies with the terms of this Memorandum and Order and the Federal Rules of Civil Procedure no later than twenty-one (21) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff, along with a copy of this Order, a copy of the Court-provided "Prisoner Civil Rights Complaint."

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint, the Court will dismiss this action without prejudice.

An Order of Partial Dismissal will accompany this Memorandum and Order

Dated this 25th day of January, 2019.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE